UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SAGE EL, also known as WINSTON HALL,

    -against-

DANNY CHUN, HAROLD BAKER, NYC DEPT.
OF CORRECTION, STATE OF NEW YORK,
JANE DOE, JOHN DOE, JOSEPH FUCITO,
N.Y.C. SHERIFF,

                              Defendants.
------------------------------------------------------------ X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 11 2018 ★
BROOKLYN OFFICE

MEMORANDUM & ORDER

18-cv-2031 (ENV)

VITALIANO, D.J.

On April 5, 2018, Pamela Emani Taylor-Bey, appearing *pro se*, filed what must be construed as a petition for a writ of habeas corpus on behalf of Sage El, who is currently detained at the Brooklyn Detention Complex.[1] For the reasons set forth below, the petition is dismissed without prejudice.

## Discussion

A habeas corpus petition may be brought either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. When the application is filed by a person other than the detainee, that "next friend" must demonstrate that she has standing to act on the detainee's behalf. First, she "must provide an adequate explanation," including; but not limited to, inaccessibility or disability, regarding why the "real party in interest" cannot prosecute the action himself. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64, 110 S. Ct. 1717, 1727-28, 109 L. Ed. 2d 135 (1990) (internal citations omitted). Second, she "must be truly dedicated" to the real party's best interests. *Id.* "The burden is on the 'next friend' clearly to

---

[1] The place and nature of Sage El's detention is unclear. The papers state that he is detained at the "Brooklyn House of Detention" and also claim that he was "committed to [an unnamed] Mental Institution." Dkt. No. 1 at 15, 17.

1

establish the propriety of h[er] status and thereby justify the jurisdiction of the court." *Id.* at 164, 1727. Here, Taylor-Bey fails to demonstrate why Sage El is unable to act on his own behalf, providing no adequate explanation regarding why he cannot do so. Given that failure of proof, Taylor-Bey, simply, has not met her burden to appear as "next friend" and, therefore, lacks standing to bring this habeas action on behalf of Sage El.[2]

Even if Taylor-Bey had standing to file as "next friend" to Sage El, the petition would be dismissed as it is premature. Though it is true that, because Sage El is a pretrial detainee subject to the jurisdiction of the New York criminal courts, a habeas petition may be brought under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 486-95, 93 S. Ct. 1123, 1125-30, 25 L. Ed. 2d 443 (1973); *United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 293 (2d Cir. 1976). Nonetheless, "[a]lthough not a statutory requirement, Section 2241 has been interpreted as requiring a petitioner to exhaust available state court or administrative remedies prior to seeking any relief thereunder in federal court." *Robinson v. Sposato*, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012). Setting aside conclusory allegations to the contrary, Sage El has not shown that he has exhausted his available state court remedies. Simply put, the petition fails because a federal habeas proceeding may not be used "to litigate constitutional defenses prematurely in federal court" in a transparent attempt to derail pending state court criminal proceeding. *Braden*, 410 U.S. at 493, 93 S. Ct. at 1129.

Finally, to the extent Taylor-Bey or Sage El seeks the Court's intervention in an ongoing state criminal proceeding, federal district courts must abstain. The Supreme Court has made

---

[2] Sage El has tried to appoint Abdul Q. Awan and Xavier El Bey "as Special Masters to oversee all [his] legal and financial affairs and to act on [his] behalf," Dkt. No. 1, Exhibit D at 35-36, but, unless these individuals are licensed attorneys, and the papers give absolutely no reason to believe that they are, they cannot represent him in this proceeding. *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself.").

2

clear that a district court should not enjoin an ongoing state prosecution, regardless of whether the law under which the petitioner was being prosecuted is constitutional, citing, *inter alia*, the federalism principles central to the United States Constitution. *See Younger v. Harris*, 401 U.S. 37, 41, 91 S. Ct. 746, 749, 27 L. Ed. 2d 669 (1971). The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," *Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) (citations omitted), *cert. denied*, 516 U.S. 1012 (1995), unless a petitioner can show extraordinary circumstances to warrant intervention in the ongoing proceeding. Here, all the elements for *Younger* abstention are met: (i) there is a criminal case against Sage El still pending, (ii) New York has an important state interest in enforcing its criminal laws, and (iii) Sage El is free to raise his due process claims in the pending criminal proceeding. He identifies no extraordinary circumstances that would warrant intervention by this Court in that proceeding.

## Conclusion

In accord with the foregoing, the habeas corpus petition filed by Taylor-Bey as "next friend" to Sage El is dismissed without prejudice.

A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253.

While the filing fee was paid for this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to the pro se petitioner and to close this case.

So Ordered.
Dated: Brooklyn, New York
April 30, 2018

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge